P., PLAINTIFF-APPELLANT, v.
P., DEFENDANT-RESPONDENT.

Argued May 19, 1969.—Decided June 27, 1969.

*Mr. Lawrence B. Dvores* argued the cause for plaintiff-appellant.

No appearance by respondent.

The opinion of the court was delivered

PER CURIAM. This is an uncontested divorce case. On August 22, 1967, plaintiff-wife filed a complaint for divorce alleging extreme cruelty. Defendant, who was personally served in the New Jersey State Prison, did not answer nor attend the hearing. The testimony adduced at that hearing amply demonstrated defendant's acts of extreme cruelty. Plaintiff's testimony, as corroborated by her sister, revealed beatings administered by defendant, the use of narcotics by defendant and the use of the baby's bottle nipples for injecting drugs. Plaintiff was infected with syphilis by defendant, and became very nervous as a result of defendant's conduct. The children were also very nervous and afraid of defendant.

Judgment *nisi* was granted plaintiff on December 21, 1967. Subsequent thereto, it was learned that plaintiff gave birth to a child seven months after defendant was released from prison. It is not disputed that she committed adultery. Because of plaintiff's adultery, the trial court barred plaintiff's application for divorce, raising the doctrine of recrimination on its own motion. There is no doubt that plaintiff was otherwise entitled to a divorce on the ground of extreme cruelty.

Today, in *C. v. C.*, 54 *N. J.* 223 (1969), an uncontested desertion case, we have decided that a trial court cannot raise the doctrine of recrimination on its own motion absent extraordinary circumstances. This case comes squarely within that holding. Therefore we reverse and direct the entry of judgment for divorce.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.